# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

GREGORY HOUSEHOLDER,

    Petitioner,

v.                                          CASE NO. 5:19-cv-89-Oc-02PRL

WARDEN, FCI COLEMAN LOW,

    Respondent.
_____/

## ORDER

This cause comes before the Court on the Petition for Writ of Habeas Corpus (Dkt. 1) filed by Gregory Householder pursuant to 28 U.S.C. § 2241, the response (Dkt. 5), and the reply (Dkt. 7). After careful consideration of the submissions of the parties and the entire file, the Court concludes the petition should be denied.

## BACKGROUND

Gregory Householder is a federal inmate currently incarcerated at FCI Coleman Low in Sumterville, Florida. He is serving a 180-month sentence imposed by the United States District Court for the Middle District of Florida in case number 6:15-cr-210-Orl-40GJK. Dkt. 5-1 at 4. In March 2018, he was disciplined by the Bureau of Prisons ("BOP") for failure to timely provide a urine sample. Dkt. 5-1 at 18–20. Householder seeks the return of disallowed good

conduct time, the expungement of his record, and lost income from his prison job based on the reduction of pay as part of the sanctions.

## THE BOP RECORD

### *Incident and Disciplinary Proceedings*

On March 15, 2018, Petitioner was written up for failure to provide a urine sample within a two-hour time frame in violation of 28 C.F.R. § 541.3, Table 1 at 110 ("Code 110"). Dkt. 5-1 at 18. Code 110 makes the refusal to provide a urine sample a prohibited act punishable by loss of good conduct time, among other sanctions. After being advised of his rights, Petitioner told the investigating lieutenant: "I didn't refuse. I had to go to the bathroom." *Id.* at 19.

The incident report was forwarded to the Unit Discipline Committee ("the UDC" or "the Committee"), and a hearing was held on March 17, 2018. *Id.* at 18. At the hearing, Petitioner was again advised of his rights. *Id.* at 19 (see handwritten notes in § 23). Petitioner told the Committee that he "was not given enough time to urinate. I have a medical condition that precluded me from urinating before defecating. I defecated on myself trying to urinate." *Id.* at 18. The Committee referred the matter to the Discipline Hearing Officer ("DHO") for further action. *Id.* at 18.

Petitioner was given timely notice of the hearing before the DHO and was advised of his rights. *Id.* at 22, 24, 26. He initially invoked his right to a staff

2

representative and to call inmates Gary Goldberg and James Simmons as witnesses. *Id.* at 22. The inmates would testify to Petitioner's pain. *Id.* at 22.

At the hearing before the DHO on March 19, Petitioner was again advised of his rights, but at that time waived his right to a staff representative and witnesses. *Id.* at 22, 24, 26. When asked to give a statement, he responded, "No comment." *Id.* at 26, 27. The DHO determined that the uncontested facts in the incident report, the chain of custody form pertaining to the sample, and Petitioner's failure to admit or deny the charge, supported a finding of guilt based on the greater weight of the evidence. *Id.* at 15, 20, 26, 27. Sanctions imposed were 41 days' disallowed good conduct time and 120 days' loss of visiting and commissary privileges. *Id.* at 27.

Petitioner was advised of his right to appeal within twenty calendar days. *Id.* at 27. A copy of the DHO report was given to Petitioner on March 22, 2018. *Id.* at 15, 28.

### *Appeal Proceedings*

Petitioner appealed the DHO decision. The regional appellate office rejected the appeal as untimely:

> Your appeal is untimely. Regional appeals [Form BP-10] must be received within 20 days of the warden/CCM response or receipt of the DHO report. This time includes mail time.

3

Dkt. 1 at 22. The regional office received the appeal on May 30, 2018. *Id.* at 22. The rejection was issued August 22, 2018. *Id.* at 22. Petitioner received the rejection on September 4, 2018. *Id.* at 23.

Petitioner then timely appealed the rejection for untimeliness to the central appellate office. *Id.* at 24. He alleged that he delivered the necessary appeal BP-10 form to the mailroom on May 17, 2018 as certified mail. *Id.* at 24. He noted that the tracking history shows the appeal was delivered to the regional office on May 29 and stamped received on May 30. *Id.* at 24.

On October 8, 2018, the central office rejected the appeal. *Id.* at 25. The written notice from the central office provides:

> Concur with rationale of regional office and/or institution for rejection. Follow directions provided on prior rejection notices. If staff provide a memo stating late filing was not your fault, then resubmit to the level of the original rejection.

*Id.* at 25. Petitioner then sought a memo from staff. *Id.* at 26. Petitioner received the following memorandum:

> Your certified correspondence was delivered to the Post Office and stamped as received on 5-21-2018. The Mail Room does not hold mail. Additionally, the Federal Bureau of Prisons has no control over what happens to the mail once it leaves the institution.

*Id.* at 27. There is no evidence that Petitioner resubmitted his administrative appeal at the regional level. *Id.* at 8 ¶ 11.

4

In this § 2241 petition, Petitioner claims his medical condition requires certain circumstances to successfully provide a urine sample; yet, he was denied catheterization. He also challenges the rejection of his administrative appeal on the grounds of due process and inconsistent application of the administrative procedure.

## DISCUSSION

### *Exhaustion of Remedies*

Prior to filing a petition under § 2241, an inmate must exhaust all available administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (citing *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004)). Although not jurisdictional, this Court may not disregard exhaustion when asserted as a defense as here. *Id.* Proper exhaustion must be achieved prior to filing the petition. *Woodford v Ngo*, 548 U.S. 81, 93 (2006). "In order to properly exhaust administrative remedies, a petitioner must comply with the agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman–USP I*, 661 F. App'x 561, 562 (11th Cir. 2016) (citing *Woodford*, 548 U.S. at 90–91).

The deadlines as documented in the BOP record and the attachments to the petition confirm that Petitioner's regional appeal was untimely, and he failed to follow up by resubmitting his appeal with the regional office as instructed by the central office. Although Petitioner disputes here the dates in the record, he was

5

required to exhaust his remedies in compliance with the Administrative Remedy Procedures, 28 C.F.R. § 542.10, *et seq.*, ("ARP"). As part of the ARP he was required to follow the directives at each appellate level.

### *Merits*

Even if the claims were properly before this Court, Petitioner was not deprived of due process. Review is limited. The conduct of the disciplinary proceedings must satisfy procedural due process by 1) providing advance written notice of the charge, 2) giving the opportunity to call witnesses and present documentary evidence consistent with safety concerns in prison, and 3) requiring the DHO to issue in writing the evidence relied on and the reason for disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974); *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011). Procedural due process requires that only "some evidence" support the decision. *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 447 (1985). The habeas court need not retry or review the DHO's decision *de novo*.

In this petitioner, Householder does not deny he failed to provide a timely sample, but rather contends he was prevented from giving a sample based on a medical condition. His two grounds will be resolved by applying the directives of *Hill* and *Wolff*.

6

**Ground One**: Rejection of appeal as untimely violates due process

> The BOP's refusal to hear my administrative remedy
> violates due process, equal protection, and fair play.

Petitioner acknowledges the timeliness of the regional appeal is a factual dispute. He claims he did not receive the DHO report until May 3, and timely gave the BP-10 (appeal) to the mailroom on May 17. As evidence, however, he attaches to the petition the DHO report, which shows both the March 22 and May 3 dates handwritten and initialed. Dkt. 1 at 17. The report on its face contradicts Petitioner's position that he received the report only once on May 3. The report is further explained by the DHO who avers the May 3 date represents not the first but the second time the report was given to Petitioner. Dkt. 5-1 at 13–16.

Despite the record showing he received the report on two separate occasions, Petitioner urges the failure to flesh out the facts through the administrative process denied him due process. The Court, however, finds the administrative process was followed in this case and notes it may not review the factual findings *de novo*. Petitioner received the report on March 22, but the appeal was not delivered to the regional office until either May 29 or 30, about forty-eight days later. The appeal was determined untimely and returned to Petitioner unconsidered. 28 C.F.R. § 542.17 (a) ("The Coordinator . . . may reject . . . an Appeal that . . . does not meet any other requirement of this part."); 28 C.F.R. § 542.15 (a) (inmate may submit appeal on BP-10 form to Regional Director "within 20 calendar days of the date

7

the Warden signed the response"). Although given the opportunity to present his position in a resubmitted appeal to the regional office, Petitioner declined. He cannot show the conduct of the disciplinary proceedings violated *Wolff.*

Even assuming Petitioner did not receive the DHO report until May 3, the appeal was still untimely under the applicable rules. The twenty-day appeal period includes weekends and does not provide additional mailing time. The period therefore ended May 23, and the first attempt at delivery to the regional office occurred on May 26, three days later. Although Petitioner argues that four days for processing mail out of the prison and three days for delivery to the regional office is intolerable and unfair, he was given timely notice of the appeal period. He therefore received notice in accord with *Wolff.*

### Ground Two: Application of the ARP

> The Bureau unreasonably applies its administrative remedies program such that it produces inconsistent and unequal results; as well as allowing for arbitrary and capricious enhancements. As constituted, the Administrative Remedy Program does not serve a legitimate penological purpose.

The ARP, which is codified at 28 C.F.R. § 542.10, *et seq.*, allows an inmate to seek formal review of an issue relating to confinement through a three-level appeal process. Petitioner chose, as discussed above, not to resubmit his appeal to the regional office. He also chose to waive, inexplicably, a staff representative and witnesses, after having initially invoked those rights.

8

In addition to not taking advantage of procedural protections in the administrative process, Petitioner did not present evidence or give explanation regarding his medical condition to the DHO. Yet he argues that he was denied due process because he was not given dispensation for his medical condition which imposed special requirements for providing a sample. That he was allegedly treated differently from others who suffer from his same medical condition was raised for the first time in this petition rather than during the administrative appeal process. No facts or explanation have been provided to support this contention.

It is undisputed that Petitioner did not provide a sample. No conflicting or additional evidence was presented. The factual basis— no sample given— constitutes "some evidence" under *Hill* that Code 110 was violated.

It is therefore **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is denied. The Clerk is directed to enter judgment for Respondent, terminate any pending motions and deadlines, and close the case. Because a federal prisoner does not require a certificate of appealability to appeal the denial of a § 2241 petition, *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003), this Court will neither issue nor decline certification.

**DONE AND ORDERED** at Ocala, Florida on January 22nd, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE